**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| v.           ) | Case No. 1:10-CR-16 |
| ) | Hon. Anthony J. Trenga |
| **IVAN LOPEZ**      ) | Sent. Date: May 28, 2010 |
| ) | |
| **Defendant.**     ) | |

## DEFENDANT'S POSITION ON SENTENCING FACTORS

Pursuant to Title 18 U.S.C. § 3553(a), Federal Rule of Criminal Procedure 32, and Section 6A1.3 of the *United States Sentencing Guidelines*, the Defendant, Ivan Lopez, by and through his attorney, states that he has received and reviewed the Presentence Report ("PSR") prepared in this case as well as the Addendum. Mr. Lopez has no factual corrections to make to the PSR. Mr. Lopez respectfully requests that this court impose a consecutive sentence of one day of incarceration for Count One and sixty months for Count Two. Such a sentence is appropriate pursuant to 18 U.S.C. § 3553(a).

## BACKGROUND

On March 11, 2010, Mr. Lopez pleaded guilty to both counts of his indictment, admitting his guilt to distribution of 13.8 grams of powder cocaine and the possession of a firearm during and in relation to a drug trafficking crime, in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 924(c)(1)(A), respectively. This Court continued sentencing to May 28, 2010, for the preparation of a PSR. Mr. Lopez has no prior criminal history, and has been held in custody on this charge since December 18, 2009.

**ARGUMENT**

I.     THE APPLICABLE LAW

The Court is well aware that the Supreme Court's opinions in *Kimbrough v. United States*, 552 U.S. 85 (2007), and *Gall v. United States*, 552 U.S. 38 (2007), have dramatically altered the law of federal sentencing. While courts must continue to *consider* the sentencing guidelines, Congress has *required* federal courts to impose the least amount of imprisonment necessary to accomplish the purposes of sentencing as set forth in 18 U.S.C. § 3553(a). Those factors include (a) the nature and circumstances of the offense and the history and characteristics of the defendant; (b) the kinds of sentences available; (c) the advisory guideline range; (d) the need to avoid unwarranted sentencing disparities; (e) the need for restitution; and (f) the need for the sentence to reflect the following: the seriousness of the offense, promotion of respect for the law and just punishment for the offense, provision of adequate deterrence, protection of the public from future crimes and providing the defendant with needed educational or vocational training, medical care, or other correctional treatment. *See* 18 U.S.C. § 3553(a).

As the Supreme Court made clear in *Kimbrough* and *Gall*, the Sentencing Guidelines are simply an advisory tool to be considered alongside other statutory considerations set forth in 18 U.S.C. § 3553(a). In two more recent summary reversals, the Court further clarified that the Guidelines cannot be used as a substitute for a sentencing court's independent determination of a just sentence based upon consideration of the statutory sentencing factors. *Nelson v. United States*, 129 S. Ct. 890 (2009), 2009 WL 160585 (Jan. 26, 2009); *Spears v. United States*, 129 S. Ct. 840 (2009), 2009 WL 129044 (Jan. 21, 2009). "Our cases do not allow a sentencing court to presume that a sentence within the applicable Guidelines range is reasonable," the Court held in *Nelson.* 2009 WL 160585, at *1. "The Guidelines are not only *not mandatory* on sentencing

courts; they are also not to be *presumed* reasonable." *Id.* at *2 (emphasis in original). In other words, a sentencing court may not rely on the Sentencing Guidelines range as a default to be imposed unless a basis exists to impose a sentence outside that range. Rather, the court must weigh each of the factors and impose a sentence that constitutes the least amount of imprisonment necessary pursuant to Section 3553(a).

## II. THE APPROPRIATE SENTENCE PURSUANT TO 18 U.S.C. § 3553(a)

Mr. Lopez submits that a below-guidelines sentence of one day of incarceration for Count One and a mandatory minimum sentence of 60 months of incarceration for Count Two satisfies the purposes of the statute and meet the requirements of the advisory sentencing guidelines.

### A. A total sentence of sixty months and one day is a significant punishment, given the history and characteristics of this defendant and the nature, circumstances and seriousness of the offense.

Mr. Lopez stands before this court having accepted responsibility for a single sale of a firearm and a small quantity of cocaine to an ATF informant more than four years ago. He has no other criminal history, either before or after the events of this case, and has not previously served time in jail. He admits to having been a cocaine user at the time he made the sale, although he has since stopped using drugs and has been raising a family in Maryland. He is engaged to be married to his girlfriend, and has become a hardworking father to their child. (Letters from Mr. Lopez' fiancé, his family's pastor in New York, and from the defendant himself, are attached as Appendices A, B, and C, respectively.)

The specific circumstances of the offense are that Mr. Lopez sold a gun and a small quantity of powder cocaine in a controlled sale to an informant while under observation by ATF agents. PSR at ¶¶16-20. Discovery received in this matter indicates that Mr. Lopez was contacted by the informant, who told him he wanted to buy crack cocaine and a firearm. Mr.

Lopez agreed to sell cocaine, but only powder, which is what he routinely purchased for himself. Mr. Lopez asserts that he acted as the "middleman" for the gun sale, selling a 9mm pistol belonging to his friend (who was in the car with him at the time of the sale) and immediately delivering to his friend the money received from the informant. Mr. Lopez has no other history of selling guns or drugs either before or after this incident. Nor are there any victims as a result of this incident.

It bears mention that although the events giving rise to this case took place four years ago, Mr. Lopez has not been a fugitive from the law during this time. On the contrary, he was briefly stopped by law enforcement officers acting at the direction of ATF agents immediately following the controlled buy, and then was released for reasons unknown to the defense. PSR at ¶19. He has resided at the same address since 2005, and worked with a local construction company between 2005 and 2009 when he injured his back. PSR at ¶42, 50. He was unaware that an arrest warrant had been issued for him in 2007.

The seriousness of this offense is extremely clear to Mr. Lopez. He faces a five-year mandatory minimum sentence for a gun sale that occurred more than four years ago. He is also fully aware that he will deported as a result of his conviction in this matter, although his father, his fiancé, and his son are all United States citizens.[1] A sixty-month sentence for someone with no prior criminal history certainly sends the message that the trafficking of guns and drugs will not be tolerated, without being a sentence longer than necessary to achieve that goal.

---

[1] Although Mr. Lopez is also removable because he currently has no lawful status in the country, he was notified in 2005 by USCIS that he had become eligible for permanent residency as the unmarried minor child of a permanent resident. However, that petition process was never concluded. Mr. Lopez has also been counseled that his conviction in this case would render him subject to removal even had he been granted permanent residency status.

    **B.**    **A total sentence of not more than sixty months and one day would provide a just punishment as well as promote respect for the law and serve to deter Mr. Lopez and others from committing the crimes to which he has pled guilty.**

Mr. Lopez has been convicted of selling cocaine and a firearm. A sentence of sixty months is a just punishment and a sufficient deterrent for Mr. Lopez and others, especially in conjunction with the fact that he will be deported upon completion of his sentence. While time spent in the custody of the Bureau of Immigration and Customs Enforcement is not a punishment per se for this offense, the Supreme Court has recently concluded that, "as a matter of federal law, deportation is an integral part – indeed, sometimes the most important part – of the penalty that may be imposed on noncitizen defendants who plead guilty to specified crimes." *Padilla v. Kentucky*, 559 U.S. \_\_\_\_ (2010) at 6. That is certainly the case for Mr. Lopez, who planned to marry his fiancé this year and settle down in Maryland to lead a law-abiding life and raise a family with her. None of that will now be possible unless she and their child move to Mexico after Mr. Lopez is deported. Nor will Mr. Lopez be able to visit the other members of his family, including his father, who are United States citizens and reside in this county.

In sum, a below-guidelines sentence of one day for Count One and a statutory sentence of sixty months for Count Two is appropriate given: (1) Mr. Lopez's acceptance of responsibility for his actions; (2) his history and characteristics; and (3) the purposes to be considered in the imposition of a sentence.

    **C.**    **Request for designation to a BOP facility in Eastern Pennsylvania or New Jersey**

Mr. Lopez respectfully requests that he be placed in a BOP facility in Eastern Pennsylvania or New Jersey, so that he can serve his sentence close to his fiancé and child, who live in Maryland, and his father and brothers, who reside in New York City.

## **CONCLUSION**

Accordingly, for the reasons listed above, and in light of the factors outlined by Section 3553(a), including the nature and circumstances of the offense and the character of Mr. Lopez, his decision to plead guilty and his acceptance of responsibility, he respectfully requests that this Court sentence him to a total term of imprisonment of no more than 60 months and one day. Finally, Mr. Lopez prays this Court find that he is unable to pay a fine and not impose any fine.

Respectfully submitted,
Ivan Lopez

                                                              /s/
Joshua M. Paulson, Esquire
Attorney for Ivan Lopez
*Pro Hac Vice*
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, VA   22314
(703)600-0839 (telephone)
(703)600-0880 (facsimile)
Joshua_Paulson@fd.org

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 24th day of May, 2010, I will electronically file the foregoing with the Clerk of court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

        Dennis M. Fitzpatrick, Esquire
        United States Attorney's Office
        2100 Jamieson Avenue
        Alexandria, VA   22314

    A copy of the foregoing pleading will also be delivered to:

        Jennifer Lyerly
        U.S. Probation Officer
        401 Courthouse Square
        Alexandria, VA 22314

    Pursuant to the Electronic Case Filing Policies and Procedures, a courtesy copy of the forgoing pleading will be delivered to Chambers within one business day of the electronic filing.

                                    /s/
                            Joshua M. Paulson
                            Attorney for Defendant
                            *Pro Hac Vice*
                            Office of the Federal Public Defender
                            1650 King Street, Suite 500
                            Alexandria, VA   22314
                            (703)600-0839 (telephone)
                            (703)600-0880 (facsimile)
                            Joshua_Paulson@fd.org